UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Sabha Ganai, M.D., Ph.D., FACS,<br><br>Plaintiff,<br><br>v.<br><br>Sanford Medical Center Fargo and Sanford Clinic North,<br><br>Defendant. | Court File No. 26-cv-00060-PDW-ARS<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendants Sanford Medical Center Fargo ("SMCF")[1] and Sanford Clinic North ("SCN") (collectively, "Defendants"), as for their joint and separate Answer to Plaintiff Sabha Ganai's ("Plaintiff") Second Amended Complaint in the above-captioned action, deny each and every allegation set forth in the First Amended Complaint except as hereinafter admitted, qualified, explained, clarified, or otherwise pleaded, and specifically answer as follows:

**ALLEGED SECOND AMENDED COMPLAINT**

1. As to paragraph 1, Defendants admit only that Plaintiff purports to assert alleged claims, but specifically deny that it violated any federal, state, or local law concerning Plaintiff's employment.

**ALLEGED NATURE OF THE ACTION**

2. As to the allegations in the first sentence of paragraph 2, Defendants admit only that Plaintiff is an oncologist who has practiced for more than 12 years, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, and therefore deny the remaining allegations in this sentence. As to the allegations in the second sentence of

---

[1] Sanford Medical Center Fargo is not the proper defendant in this case. Plaintiff's former employer, as set forth in her Staff Physician Agreement, was Sanford Clinic North.

paragraph 2, Defendants admit only that Plaintiff joined Sanford Clinic North in 2020 to perform the services outlined in her Staff Physician Agreement, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, and therefore deny the remaining allegations on this sentence. As to the allegations in the third sentence of paragraph 2, Defendants admit Plaintiff allocated 0.30 FTE of her time to provide clinical research services as a Physician Scientist, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, and therefore deny the remaining allegations in this sentence.

3. As to paragraph 3, Defendants admit only that Plaintiff purports to assert alleged claims under N.D. Cent. Code § 34-01-20, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the North Dakota Human Rights Act, N.D.C.C. ch. 14-02.4, but specifically deny that it violated any federal, state, or local law concerning Plaintiff.

## ALLEGED PARTIES

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4, and therefore deny allegations in paragraph 4.

5. As to paragraph 5, Defendants admit only that SMCF is a North Dakota non-profit, but deny the remaining allegations.

6. As to the allegations in paragraph 6, Defendants admit only that SCN is North Dakota non-profit, but deny the remaining allegations.

7. Defendants deny the allegations contained in paragraph 7 as phrased.

## ALLEGED VENUE AND JURISDICTION

8. Defendants deny the allegations in paragraph 8.

9. The alleged document speaks for itself, and Defendants therefore deny the allegations contained in paragraph 9.

10. As to the allegations contained in the first sentence of paragraph 10, Defendants admit only that Plaintiff filed a Charge of Discrimination with the North Dakota Department of Labor and Human Rights and that the Charge was ultimately dismissed. Defendants deny the remaining allegations contained in the first sentence of paragraph 10. As to the second and third sentences in paragraph 10, Defendants state that the referenced documents speak for themselves, and therefore deny the remaining allegations.

## ALLEGED FACTS RELEVANT TO ALL CLAIMS[2]

11. As to the first sentence of paragraph 11, Defendants deny the allegations contained therein. As to the second and third sentences contained in paragraph 11, Defendants state that the offer letter and Staff Physician Agreement speak for themselves, and therefore deny the remaining allegations.

12. Defendants state that the Staff Physician Agreement speaks for itself, and therefore deny the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. As to the allegations contained in paragraph 15, Defendants admit only that Plaintiff entered into a Performance Improvement Plan ("PIP") in August of 2023 for the reasons outlined therein, but deny the remaining allegations in paragraph 15 as phrased.

16. Defendants deny the allegations contained in paragraph 16.

17. As to the first sentence of paragraph 17, Defendants admit Plaintiff met with Steven Briggs, M.D., Michael Traynor, M.D., and Darla Dobberstien on August 22, 2023 but deny the remaining allegations. Defendants deny the second sentence contained in paragraph 17.

---

[2] Defendants deny all of Plaintiff's alleged sub-headings under Plaintiff's alleged "FACTS RELEVANT TO ALL CLAIMS" heading.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19, and therefore deny the allegations in paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20, and therefore deny the allegations in paragraph 20.

21. As to the first sentence in paragraph 21, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore deny the allegations in the first sentence of paragraph 21. Defendants deny the remaining allegations contained in paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22, including what Plaintiff believes she "explained" during the August 22, 2023, meeting, and therefore deny the allegations contained in paragraph 22.

23. The documents referred to in paragraph 23 speak for themselves, and therefore Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations in paragraph 24 as phrased.

25. Defendants deny the allegations in paragraph 25 as phrased.

26. The alleged email speaks for itself, and therefore Defendants deny the allegations contained in paragraph 26. In further responding, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 regarding whether Plaintiff "analyzed" data, and therefore deny the allegations contained in paragraph 26.

27. The alleged "response to the Confidential Peer Review/PIP" speaks for itself, and Defendants therefore deny the allegations contained in paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28, including what Plaintiff believes she "explained" and therefore deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. The allegations contained in paragraph 31 appear to refer to a document. Accordingly, such a document would speak for itself, and Defendants therefore deny the allegations contained in paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32, including what Plaintiff believes she "explained" and therefore deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33 as phrased.

34. The alleged document speaks for itself, and Defendants therefore deny the allegations contained in paragraph 34.

35. The alleged document speaks for itself, and Defendants therefore deny the allegations contained in paragraph 35.

36. The allegations in paragraph 36 contain legal conclusions to which no response is required. To the extent paragraph 36 is construed to include allegations requiring a response, Defendants deny such allegations.

37. The alleged email speaks for itself, and Defendants therefore deny the allegations contained in paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 38, including what Plaintiff believed she "explained," and therefore deny the allegations contained in this paragraph.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39, including what Plaintiff believes she "told" Dr. Griffin, and therefore deny the allegations contained in this paragraph.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 40, including what Plaintiff purportedly "affirmed," and therefore deny the allegations contained in this paragraph.

41. Defendants deny the allegations contained in paragraph 41 as phrased.

42. Defendants deny the allegations contained in paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43, including what Plaintiff purportedly "demonstrated," and therefore deny the allegations contained in this paragraph.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45, and therefore deny the allegations contained in this paragraph.

46. The allegations contained in paragraph 46 appear to refer to a document. Accordingly, such a document would speak for itself, and Defendants therefore deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

## ALLEGED COUNT I
## RETALIATION IN VIOLATION OF N.D.C.C. § 34-01-20
### Plaintiff Against All Defendants[3]

48. Defendants incorporate by reference herein its responses to the forgoing paragraphs.

49. The allegations in paragraph 49 contain legal conclusions to which no response is required. To the extent paragraph 49 is construed to include allegations requiring a response, Defendants deny such allegations.

50. The allegations in paragraph 50 contain legal conclusions to which no response is required. To the extent paragraph 50 is construed to include allegations requiring a response, Defendants deny such allegations.

51. The allegations in paragraph 51 contain legal conclusions to which no response is required. To the extent paragraph 51 is construed to include allegations requiring a response, Defendants deny such allegations.

52. The allegations in paragraph 52 contain legal conclusions to which no response is required. To the extent paragraph 52 is construed to include allegations requiring a response Defendants deny such allegations.

53. The allegations in paragraph 53 contain legal conclusions to which no response is required. To the extent paragraph 53 is construed to include allegations requiring a response, Defendants deny such allegations.

54. The allegations in paragraph 54 contain legal conclusions to which no response is required. To the extent paragraph 54 is construed to include allegations requiring a response, Defendants deny such allegations.

---

[3] Defendants deny all headings in Plaintiff's alleged causes of action.

## ALLEGED COUNT II
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII
### Plaintiff Against All Defendants

55. Defendants incorporate by reference herein its responses to the forgoing paragraphs.

56. The allegations in paragraph 56 contain legal conclusions to which no response is required. To the extent paragraph 56 is construed to include allegations requiring a response, Defendants deny such allegations.

57. Defendants deny the allegations contained in paragraph 57.

58. Defendants deny the allegations contained in paragraph 58.

59. Defendants deny the allegations contained in paragraph 59.

60. The allegations in paragraph 60 contain legal conclusions to which no response is required. To the extent paragraph 60 is construed to include allegations requiring a response, Defendants deny such allegations.

61. The allegations in paragraph 61 contain legal conclusions to which no response is required. To the extent paragraph 61 is construed to include allegations requiring a response, Defendants deny such allegations.

## ALLEGED COUNT III
## RETALIATION IN VIOLATION OF TITLE VII
### Plaintiff Against All Defendants

62. Defendants incorporate by reference herein its responses to the forgoing paragraphs.

63. The allegations in paragraph 63 contain legal conclusions to which no response is required. To the extent paragraph 63 is construed to include allegations requiring a response, Defendants deny such allegations.

64. Defendants deny the allegations contained in paragraph 64.

65. The allegations in paragraph 65 contain legal conclusions to which no response is required. To the extent paragraph 65 is construed to include allegations requiring a response, Defendants deny such allegations.

66. The allegations in paragraph 66 contain legal conclusions to which no response is required. To the extent paragraph 66 is construed to include allegations requiring a response, Defendants deny such allegations.

67. The allegations in paragraph 67 contain legal conclusions to which no response is required. To the extent paragraph 67 is construed to include allegations requiring a response, Defendants deny such allegations.

### ALLEGED COUNT IV
### SEX DISCRIMINATION IN VIOLATION OF
### THE NORTH DAKOTA HUMAN RIGHTS ACT
### Plaintiff Against All Defendants

68. Defendants incorporate by reference herein its responses to the forgoing paragraphs.

69. The allegations in paragraph 69 contain legal conclusions to which no response is required. To the extent paragraph 69 is construed to include allegations requiring a response, Defendants deny such allegations.

70. The allegations in paragraph 70 contain legal conclusions to which no response is required. To the extent paragraph 70 is construed to include allegations requiring a response, Defendants deny such allegations.

### ALLEGED COUNT V
### RETALIATION IN VIOLATION OF
### THE NORTH DAKOTA HUMAN RIGHTS ACT
### Plaintiff Against All Defendants

71. Defendants incorporate by reference herein its responses to the forgoing paragraphs.

72. The allegations in paragraph 72 contain legal conclusions to which no response is required. To the extent paragraph 72 is construed to include allegations requiring a response, Defendants deny such allegations.

73. The allegations in paragraph 73 contain legal conclusions to which no response is required. To the extent paragraph 73 is construed to include allegations requiring a response, Defendants deny such allegations.

### ALLEGED PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to the relief set forth in Plaintiff's alleged "PRAYER FOR RELIEF" and the corresponding wherefore clause following paragraph 73, including subsections A-E.

### ALLEGED JURY DEMAND

74. The allegations in paragraph 74 contain legal conclusions to which no response is required. To the extent this paragraph is construed to include allegations that require a response, Defendants deny such allegations.

### AFFIRMATIVE AND OTHER DEFENSES

In further answering, Defendants allege the following affirmative and other defenses:

1. Plaintiff fails, in whole or in part, to state a claim for which relief may be granted. More specifically, Plaintiff cannot prove all the necessary elements of her claim. Further,

Plaintiff's Complaint fails to state sufficient facts that would support an award of actual, compensatory, treble, punitive, emotional distress, or other damages or fees against Defendants.

2. Plaintiff's claims may be barred in whole, or in part, because of the applicable statutes of limitations, because it was not timely filed and/or served, because Plaintiff failed to name the proper defendant in her Charge and the claim is time barred, because Plaintiff failed to exhaust her administrative remedies as to the proper defendant and the claim is time barred, because Plaintiff failed to name the proper defendant in this Complaint and the claim is time barred, because Plaintiff failed to timely commence a lawsuit against the proper defendant and the claim is now time barred, and/or because of other applicable statutory or administrative filing requirements (including, but not limited to, bars to recovery such as waiver, unclean hands, laches, equitable estoppel, and/or mistake).

3. Each action Defendants took with respect to Plaintiff was justifiable, was for good and just cause, was within the legitimate exercise of management discretion and business necessity, and was not willful, wanton, malicious or done with a reckless or knowing manner.

4. Any purported adverse employment action occurred based on legitimate, non-discriminatory, and non-retaliatory reasons entirely unrelated to Plaintiff's exercise of any purported rights or status.

5. Plaintiff's Complaint, and her alleged cause of action, is barred in whole or in part because Plaintiff's former employer had an honest, good-faith belief that all decisions were made solely for legitimate, business-related reasons and were reasonably related upon the facts as it understood them.

6. Plaintiff's former employer exercised reasonable care to prevent any retaliation and to promptly correct any discriminatory or retaliatory behavior (including having in place a clear

and well-disseminated policy against discrimination, harassment, and retaliation, and a reasonable and available procedure for promptly and effectively handling such complaints). Plaintiff unreasonably failed to take advantage of these preventive or corrective opportunities provided by her former employer or to avoid harm otherwise.

7. Plaintiff's Complaint fails because of the business necessity and/or business judgment rules. The challenged employment practices are justified by legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged protected activity.

8. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of, or are inconsistent with, the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission and the North Dakota Department of Labor and Human Rights.

9. Plaintiff's Complaint fails, in whole or in part, because Plaintiff failed to engage in protected conduct and there was no causal link between any such alleged activity and any alleged adverse action that Plaintiff's former employer took against her.

10. Plaintiff's claimed damages, if any, were caused by her own conduct or by the conduct of other persons or entities over whom/which Defendants had no control and for whose conduct Defendants are not liable.

11. Plaintiff's claimed damages, if any, were caused by her own conduct and are barred, in whole or in part, by her failure to mitigate said damages.

12. Plaintiff does not come to this Court with clean hands and Plaintiff is not entitled to equitable relief.

13. To the extent Plaintiff is seeking punitive damages, such claim is barred because an award of such damages would violate Defendants' Constitutional rights.

14. To the extent Plaintiff is seeking punitive damages, such a claim is barred because the alleged acts or omissions of each respective Defendant do not rise to the level required to sustain an award of punitive damages, do not evidence malicious or reckless indifference, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

15. Defendant SMCF was not Plaintiff's employer within the meaning of Title VII of the Civil Rights Act of 1964 or the North Dakota Human Rights Act.

16. The extent to which Plaintiff's Complaint may be barred by any remaining affirmative or other defenses, including those contemplated by the North Dakota Rules of Civil Procedure, cannot be determined at this time without the benefit of additional discovery. Thus, as a separate and affirmative defense to Plaintiff's Complaint, Defendants reserves the right to assert all affirmative defenses and other defenses as appropriate.

WHEREFORE, having responded to the allegations in Plaintiff's Complaint, Defendants hereby request that the Court enter an Order:

A. Dismissing the Complaint in its entirety, with prejudice, and awarding Defendants its costs and expenses, including reasonable attorneys' fees, as set forth under the law; and

B. Awarding Defendants such other relief as the Court deems just and proper.

|  |  |
|---|---|
|  | **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.** |
| Dated: <u>March 12, 2026</u> | <u>/s/ Tiffany A. Sanders</u><br>Tyler W. Hartney, ND #09226<br>Tiffany A. Sanders, MN #0260514<br>Capella Tower<br>225 South Sixth Street, Suite 1800<br>Minneapolis, MN  55402<br>Telephone:  612-339-1818<br>Facsimile:  612-339-0061<br>tyler.hartney@ogletree.com<br>tiffany.sanders@ogletreedeakins.com<br><br>**Attorneys for Defendants** |